IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BRADLEY ALLEN PEARSON,

  Plaintiff,

vs.            CIVIL ACTION NO.: CV214-001

LT. MARK WHITE,

  Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Federal Correctional Facility in Jesup, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), contesting certain conditions of his confinement. Defendant filed a Motion to Dismiss. Plaintiff filed a Response[1], and Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant asked Plaintiff about the sunglasses he had. Plaintiff asserts that he told Defendant the glasses were safety glasses, which the Bureau of Prisons issued. Plaintiff also asserts that Defendant stuck his hand in the front pocket of Plaintiff's pants without ordering him to empty his pockets or giving Plaintiff a pat down search. Plaintiff alleges that Defendant kept his hand on Plaintiff's

---

[1] Plaintiff's Response does not speak to the assertions Defendant makes in his Motion.

AO 72A
(Rev. 8/82)

inner thigh for an extended period of time, moved Plaintiff away from witnesses, and threatened to place Plaintiff in the hole if he expressed displeasure with the assault.

Defendant contends that his search did not amount to a sexual assault in violation of the Eighth Amendment. Defendant asserts that Plaintiff's right to privacy claim fails. Defendant also asserts that he is entitled to qualified immunity.

## STANDARD OF REVIEW

Under a Rule 12(b) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

I. **Eighth Amendment claim**

Defendant avers that, even if his contact with Plaintiff had been unlawful, not all contact between inmates and correctional officers constitutes a constitutional violation. Defendant specifically contends that Plaintiff's allegations, even if true, do not rise to the level of a constitutional violation. Defendant asserts that Plaintiff does not allege that Defendant's conduct was either severe or repetitive, as he alleges only a single incident involving over-the-clothes contact with an object in his pocket, or at most, with Plaintiff's thigh. Defendant also asserts that Plaintiff has not claimed that he suffered any physical pain or injury from Defendant's actions, only that he felt "disrespected and violated." (Doc. No. 35, p. 7). In addition, Defendant asserts that Plaintiff cannot show that Defendant had a sufficiently culpable state of mind.

A prison official's sexual abuse of a prisoner may violate the Eighth Amendment because sexual abuse has "no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). "To prove an Eighth Amendment violation based on sexual abuse, a prisoner must show that he suffered an injury that was objectively and sufficiently serious and that the prison official had a subjectively culpable state of mind." Id. In Boxer X, the Eleventh Circuit Court of Appeals "concluded that a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than de minimis injury and affirmed the dismissal of the Eighth Amendment claim." Moton v. Walker, 545 F. App'x 856, 860 (11th Cir. 2013) (internal citation and punctuation omitted). Under Eleventh Circuit law,

3

"severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X, 437 F.3d at 1111.

In Boxer X, the plaintiff alleged that the defendant "made a single verbal statement with sexual language and connotations, which plainly falls short of severe or repetitive sexual abuse. Moreover, [the p]laintiff . . . alleged no injury, physical or otherwise, resulting from the purported incident." Walker v. O'Neal, No. CV313-038, 2013 WL 3804587, at *2 (S.D. Ga. July 18, 2013) (citing Boxer X, 437 F.3d at 1109, 1111). The plaintiff in Boxer X failed "to satisfy the objective component of the applicable standard in that he has not alleged any injury, let alone an injury of sufficient gravity to establish an Eighth Amendment violation." Id.; see Allen v. McDonough, No. 4:07–CV–469–RH–GRJ, 2011 WL 4102525, at *5 (N.D. Fla. Aug.17, 2011) (collecting cases in support of the proposition that "one incident of non-violent harassment alone [is] not sufficient to meet the cruel and unusual punishment standard"), adopted by 2011 WL 4103081 (N.D. Fla. Sept. 14, 2011).

Plaintiff's assertions that Defendant placed his hand on his thigh for an extended period of time and threatened to place Plaintiff in the hole if he complained do not reveal that Defendant's alleged actions rose to the level of an Eighth Amendment violation. Even if Defendant had a sufficiently culpable state of mind, Plaintiff makes no allegation that Defendant's conduct caused an injury which is more than de minimis or was objectively serious. Plaintiff fails to state a plausible Eighth Amendment violation against Defendant. This portion of Defendant's Motion should be granted.

4

## II. Right to privacy claim

Defendant contends that Plaintiff was fully clothed, and the alleged contact was made by a guard of the same gender as he is. Defendant alleges that the Eleventh Circuit Court of Appeals has "not yet delineated the precise boundaries of a prisoner's constitutional right to bodily privacy; however, none of the facts in the case suggest that the court would be inclined to extend that protection to" this case. (Doc. No. 35, pp. 9–10).[2]

As a matter of general principle, it is well established that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." Fortner v. Thomas, 983 F.2d 1024, 1029 (11th Cir. 1993). It is clear that prison inmates "retain certain fundamental rights of privacy." Id. "The Eleventh Circuit [has] emphasized that 'most people have a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating.'" Mitchell v. Stewart, No. 3:12-CV-132 CDL, 2014 WL 2617275, at *10 (M.D. Ga. June 12, 2014) (quoting Fortner, 983 F.2d at 1030).

"The cases in this Circuit that have found a violation of a right to bodily privacy have uniformly held that the violation occurred when the officers caused the pretrial detainee or inmate to be exposed and engaged in some additionally offensive conduct. For example, in Fortner, the male prisoners claimed that female officers solicited them to masturbate and otherwise exhibit their genitals for the female officers' viewing."

---

[2] Defendant alternatively asserts that, even if Plaintiff's right to privacy had been violated as a result of Defendant's search, Plaintiff fails to show that the search was unreasonable under the Fourth Amendment. This assertion need not be addressed, especially in light of Plaintiff's Complaint not being served on this ground.

AO 72A
(Rev. 8/82)

Davis v. City of Leesburg, No. 5:12-CV-609-OC-10PRL, 2014 WL 4926143, at *20 (M.D. Fla. Sept. 30, 2014) (citing Fortner, 983 F.2d at 1027)). In Boxer X, "the Eleventh Circuit found that a male prisoner stated a claim for violation of his privacy rights where he alleged that a female officer solicited him to masturbate for her viewing." Id. (quoting Boxer X, 437 F.3d at 1111).

Plaintiff's allegations against Defendant fail to reveal a plausible violation of Plaintiff's right to privacy. There is no evidence that Plaintiff's genitals were exposed or even touched at any point. In addition, Plaintiff does not allege that the person who allegedly violated his right to privacy is of the opposite gender than he is. This portion of Defendant's Motion should be granted.

It is unnecessary to address the portion of Defendant's Motion regarding qualified immunity principles.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)